# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**REGINALD BLOUNT**
    **Petitioner-Defendant,**

  **v.**                                                      **Case No. 12-C-0318**
                                                         **(Criminal Case No. 08-CR-263)**

**UNITED STATES OF AMERICA**
    **Respondent-Plaintiff.**

## RULE 4 ORDER

The government charged petitioner Reginald Blount with possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and possessing marijuana with intent to distribute, 21 U.S.C. §§ 841(a)(1) & (b)(1)(D). Petitioner filed a motion to suppress challenging the search warrant pursuant to which police seized the gun and drugs. Adopting a magistrate judge's recommendation, Judge Stadtmueller denied the motion, finding the warrant supported by probable cause. After Judge Stadtmueller recused himself, the case was re-assigned to me. Petitioner then entered pleas of guilty, and I sentenced him to a total of 72 months in prison.

Petitioner file a notice of appeal, but his appointed counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). The Seventh Circuit agreed with counsel that any challenge to the rulings below – including the denial of petitioner's motion to suppress – would be frivolous and therefore dismissed the appeal. United States v. Blount, 401 Fed. Appx. 132 (7th Cir. 2010), cert. denied, 131 S. Ct. 1802 (2011). Petitioner now moves to vacate his sentence pursuant to 28 U.S.C. § 2255, again challenging the search warrant obtained by the police in his case. I deny the motion.

## I.  APPLICABLE LEGAL STANDARDS

**A.    Section 2255**

Section 2255 provides a basis for attacking a federal sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Section 2255 does not serve as a substitute for or do-over of a direct appeal, Varela v. United States, 481 F.3d 932, 935 (7th Cir. 2007), and provides relief based only on legal errors that are jurisdictional, constitutional, or constitute a fundamental defect which inherently results in a complete miscarriage of justice, e.g., United States v. Springs, 988 F.2d 746, 748 (7th Cir. 1993); Oliver v. United States, 961 F.2d 1339, 1341 (7th Cir. 1992).  Claims that were previously raised and rejected on direct appeal are barred from collateral review absent some good reason for reexamination.  See, e.g., Fuller v. United States, 398 F.3d 644, 648 (7th Cir. 2005).  Further, courts have noted that under the rule of Stone v. Powell, 428 U.S. 465 (1976), a prisoner may not obtain collateral relief on a Fourth Amendment claim if he was able to fully and fairly litigate the claim directly.  See Owens v. United States, 387 F.3d 607, 609 (7th Cir. 2004); United States v. Ishmael, 343 F.3d 741, 742 (5th Cir. 2003).

**B.    Preliminary Review**

The district court must conduct a preliminary review of a § 2255 motion:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response . . . .

Rule 4(b), Rules Governing Section 2255 Proceedings. Under this screening Rule, the district court may dismiss a § 2255 action without holding a hearing or requiring the government to respond if the motion and the files and records of the case conclusively show that the petitioner is entitled to no relief. Gallo-Vasquez v. United States, 402 F.3d 793, 797 (7th Cir. 2005). The court may likewise dismiss a motion without a hearing if the petitioner makes conclusory or speculative allegations rather than specific factual allegations. Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995).

## II. DISCUSSION

In his § 2255 motion, petitioner argues that the police officer who obtained the search warrant submitted a fraudulent affidavit to the issuing state court commissioner.[1] He further argues that the federal magistrate judge erred in finding the affidavit sufficient without hearing any testimony confirming its contents. He contends that this gave him no chance to challenge the veracity of the informant statements cited in the affidavit.

The claim fails. Petitioner filed a motion to suppress, in which he attacked the sufficiency of the warrant affidavit, in his underlying criminal case. The district court denied the motion, finding the warrant supported by probable cause and, in the alternative, that the executing officers could have relied on the warrant in good faith. On appeal, the Seventh Circuit found that any challenge to this ruling would be frivolous. The court of appeals stated:

Both counsel and Blount first consider whether Blount could challenge the denial

---

[1] On page 1 of his motion, petitioner references Fed. R. Civ. P. 60(b)(3), which permits the court to vacate a judgment based on fraud or misconduct by an opposing party. However, Civil Rule 60 has no applicability to criminal judgments. See United States v. Guereca, 280 Fed. Appx. 541, 541-42 (7th Cir. 2008); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003).

3

of his motion to suppress. They propose arguing that the informant's statements were uncorroborated and lacking detail and thus the warrant was issued without probable cause. Blount also maintains that because the informant saw only two of the bags of marijuana, the state judge could not reasonably have inferred that he was trafficking the drug rather than using it himself.

Probable cause exists when the totality of circumstances set forth in the supporting affidavit would persuade a reasonably prudent person that a search will uncover contraband or evidence of a crime. Illinois v. Gates, 462 U.S. 213, 238 (1983); United States v. Carson, 582 F.3d 827, 831 (7th Cir. 2009). Where, as here, the affidavit is supported by information from an informant, we focus on the informant's reliability, veracity, and basis of knowledge. United States v. Dismuke, 593 F.3d 582, 586-87 (7th Cir. 2010), petition for cert. filed, 79 U.S.L.W. 3062 (U.S. July 19, 2010) (No. 10-109). We consider whether the police corroborated the information, whether the informant learned the information through firsthand experience and provided detailed facts, whether a short period of time passed between the informant's observations and the warrant application, and whether the informant appeared before the issuing judge. Carson, 582 F.3d at 832; United States v. Koerth, 312 F.3d 862, 866 (7th Cir. 2002).

Although the police did not corroborate the informant's statements and the affidavit includes little detail, we would not disturb the issuing judge's finding of probable cause, which we owe great deference. See United States v. McIntire, 516 F.3d 576, 577 (7th Cir. 2008). The police officer's affidavit provided specific examples of past instances when the informant's information had led to the arrest of other persons; the informant had acquired the information from firsthand observation; and only 48 hours had passed between the informant's presence in Blount's house and the application for the warrant. See Dismuke, 593 F.3d at 587-88 (upholding warrant where supporting affidavit lacked detail and had little corroboration for informant's statements but was submitted shortly after affiant received information based on informant's personal observations); United States v. Garcia, 528 F.3d 481, 486 (7th Cir. 2008) (upholding warrant where supporting affidavit lacked detail and corroboration for informant's statements but was submitted shortly after affiant received information based on credible informant's personal observations). Thus, we agree with counsel that it would be frivolous to challenge the warrant as lacking probable cause.

Blount, 401 Fed. Appx. at 133-34.

Petitioner provides no good reason to revisit this issue. He argues that the officer-affiant committed a fraud on the court, but he made no motion under Franks v. Delaware, 438 U.S.

4

154 (1978) when the case was here originally,[2] and he provides no reason why he could not have done so. When a defendant brings the sort of motion petitioner did here – challenging the sufficiency of the warrant affidavit – the reviewing court considers only the contents of the affidavit. See United States v. Koerth, 312 F.3d 862, 866 (7th Cir. 2002) (citing United States v. Roth, 391 F.2d 507, 509 (7th Cir. 1967)). The magistrate judge thus did not err in failing to hear testimony concerning the veracity of the confidential informant upon whom the officer relied in applying for the warrant.[3] Because petitioner had a full and fair opportunity to litigate this issue directly, and because he provides no reason to revisit the previous denial, he cannot obtain § 2255 relief on his Fourth Amendment claim.

Even if the issue could be litigated anew under § 2255, petitioner provides no basis for concluding that the officer-affiant intentionally or recklessly provided false information. See United States v. Harris, 464 F.3d 733, 738 (7th Cir. 2006) ("Allegations of negligent or innocent mistakes contained in a warrant affidavit do not entitle a defendant to a hearing. Rather, to make a substantial preliminary showing, the defendant must identify specific portions of the warrant affidavit as intentional or reckless misrepresentations, and the defendant should submit sworn statements of witnesses to substantiate the claim of falsity."). Petitioner argues that the officer failed to follow Milwaukee Police Department standard operating procedure for using confidential informants, but he cites no authority for the proposition that these procedures create enforceable rights on the part of criminal defendants. The determination of probable

---

[2] Under Franks, a defendant may challenge false statements in a warrant affidavit.

[3] Petitioner suggests this violated his rights under the Confrontation Clause, but that provision applies at trial. See Ebert v. Gaetz, 610 F.3d 404, 414 (7th Cir.), cert. denied, 131 S. Ct. 578 (2010). By pleading guilty petitioner waived his right to confrontation. See United States v. Robinson, 14 F.3d 1200, 1205 (7th Cir. 1994).

5

cause under the Fourth Amendment does not turn on whether the officer complied with local standards. See Virginia v. Moore, 553 U.S. 164 (2008).

Petitioner attempts to distinguish United States v. Garcia, 528 F.3d 481 (7th Cir. 2008), upon which the district court (and, later, the court of appeals) relied in rejecting his motion to suppress. However, as indicated above, § 2255 does not permit a prisoner to rehash arguments that were or could have been made directly. Petitioner cites no intervening change in the law undermining the applicability of Garcia to this case. See Fuller, 398 F.3d at 648.

Petitioner further argues that the officer-affiant applied for the warrant in a fraudulent manner and with the intent to deceive the court, but he provides no supporting facts. That the officer may not have complied in all respects with MPD procedures does not evince fraud. Petitioner cites cases in which this same officer apparently searched an apartment without a warrant, Harris v. Harms, No. 08-C-1111, 2010 U.S. Dist. LEXIS 87345 (E.D. Wis. Aug. 24, 2010) (denying the plaintiff's motion for summary judgment), and participated in a warrantless traffic stop, United States v. Marshall, No. 07-CR-153, 2008 U.S. Dist. LEXIS 6096 (E.D. Wis. Jan. 14, 2008) (granting motion to suppress), but he fails to demonstrate how these cases show fraud in obtaining the search warrant in his case.

### III. CONCLUSION

**THEREFORE, IT IS ORDERED** that petitioner's motion is **DENIED**, and this case is dismissed. The Clerk is directed to enter judgment accordingly.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the district court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2255 petitioner. In order to obtain a COA, the petitioner must make a

"substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether reasonable jurists could debate whether the motion should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Slack v. McDaniel, 529 U.S. 473, 484 (2000). For the reasons stated above, petitioner cannot make such a showing, so I decline to issue a COA.

Dated at Milwaukee, Wisconsin, this 6th day of April, 2012.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge